UNITED STATES DITRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

BARRCO CONSUMER PRODUCTS INC.,
a Minnesota corporation,

       Plaintiff,

v.

RAMAN BAJAJ, an individual,

       Defendant.

_____/

## COMPLAINT

Plaintiff, Barrco Consumer Products Inc. ("BARRCO" or "Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint for trademark cancellation against Defendant, Raman Bajaj ("BAJAJ" or "Defendant"), and in support thereof states as follows:

## NATURE OF THE ACTION

1.    This is an action pursuant to 15 U.S.C. § 1071(b) for cancellation of a U.S. trademark registration under 15 U.S.C. § 1119 and for civil liability related thereto pursuant to 15 U.S.C. § 1120.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this Complaint by virtue of Title 15 U.S.C. §1071(b), 28 U.S.C. §§ 1331 and 1338.

3.     This Court has personal jurisdiction over Defendant because he is a resident of the State of Florida.

4.     Venue is proper in this District under 28 U.S.C. §1391(c) because Defendant resides and is domiciled in this District.

## PARTIES

5.     Plaintiff, BARRCO is a corporation duly formed and existing under the laws of Minnesota, with its principal place of business located at 540 Tamarack Ave, Long Lake, MN 55356.

6.     Defendant, BAJAJ is, upon information and belief, an individual residing and domiciled in the State of Florida at 12914 Vicksburg Drive, Tampa, FL 33625.

## GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS

### A. Mr. Bajaj and his multiple applications.

7.     Mr. Bajaj is an individual resident of Tampa, Florida.

8.     Mr. Bajaj owns two federal registrations which he filed in his own name.  These are:

   a.     U.S. Registration No. 3611733 for the mark FUNATIK, in standard characters, for "shirts, t-shirts," in International Class 25.  This mark was registered April 28, 2009, based on a claim of use in commerce. ("Defendant's First Registration")

   b.     U.S. Registration No. 4969987 for the mark FUNATIC, in standard characters, for "shirts; sweatshirts; t-shirts," in International Class 25. This mark was registered May 31, 2016, based on a claim of use in

commerce. ("Defendant's Second Registration")(Defendant's First Registration and Defendant's Second Registration are collectively referred to as the "Accused Registrations").

9.     The Accused Registrations have been cited against Plaintiff and formed the basis of two cancellation actions before the United States Patent and Trademark Office Trademark Trial and Appeal Board.  The cancellations were wrongly denied, and this suit follows.

10.    In addition to the foregoing marks Accused Registrations, on March 7, 1996, Defendant filed U.S. Application Serial No. 75069011 for the mark SPORTS FUNATIK, in typed drawing form, for "shirts, t-shirts, sweatshirts, sweatpants, caps, hats, jackets, swimwear, jogging suits, sweat suits, tights, bicycle shorts, gym shorts, headbands, sweatbands, pants, jeans, sweaters, footwear, leggings, leotards, tennis wear and warm-up suits." On July 1, 1997, the application issued as U.S. Registration No. 2076487.  The USPTO cancelled the registration on April 4, 2008, because Defendant failed to file a Section 8 Declaration of Use and Section 9 Renewal Application.  This registration is not at issue in this case.

11.    Also on October 5, 2000, Defendant filed U.S. Application Serial No. 76141268 for the mark FUNATIC, in typed drawing form, that registered on September 7, 2004, as U.S. Registration No. 2882085 for "shirts, t-shirts, sweatshirts, sweat pants, caps, hats, jackets, swimwear, jogging suits, sweat suits, tights, bicycle shorts, gym shorts, headbands, sweat bands, pants, jeans, sweaters,

footwear, leggings, leotards, tennis wear and warm-up suits." This mark was abandoned April 10, 2015. This registration is not at issue in this case.

**B. Barrco tries to register its marks.**

12.     On November 29, 2018, Plaintiff filed an application to register the mark "FUNATIC" on the Principal Register for use in connection with "shirts, t-shirts, sweatshirts, hoodies, tank tops, crop tops, sweaters, jackets, pants, sweatpants, leggings, underwear, boxer shorts, gloves, hats, caps, scarves, footwear, flip flops" in International Class 025, U.S. Application Serial No. 88/210,465 (the "First Barrco Application").

13.     On March 7, 2019, the USPTO refused to register the mark FUNATIC shown in the First Barrco Application based on Defendant's U.S. Registration No. 4969987 for the mark FUNATIC.

14.     On January 14, 2020, Plaintiff filed an application to register the mark "FUNATIC" on the Principal Register for use in connection with "stickers; greeting cards; stationery; notebooks; pens; pencils; paper; envelopes" in International Class 016, U.S. Application Serial No. 88,757,966 (the "Second Barrco Application").

15.     The USPTO on February 9, 2020, also refused to register the mark FUNATIC as shown in Plaintiff's Second Barrco Application based on Defendant's

U.S. Registration No. 4969987 for the mark FUNATIC and U.S. Registration No. 3611733 for the mark FUNATIK.

16.    On April 9, 2019, Plaintiff filed cancellation number 92071011 before the Trademark Trial and Appeal Board ("TTAB") to cancel Defendant's First Registration alleging abandonment.

17.    On February 20, 2020, Plaintiff filed cancellation number 92073513 before the TTAB to cancel Defendant's Second Registration alleging abandonment.

18.    The Board consolidated the two proceedings in response to Plaintiff's motion to consolidate proceedings.

19.    The Board granted BARRCO leave to amend the Petitions for Cancellation on January 13, 2021, to add a claim for cancellation of Defendant's First Registration on grounds of fraud on the USPTO and add a claim for cancellation of Defendant's Second Registration on grounds of nonuse prior to the expiration of time to file a statement of use.

20.    The following are facts that came out in evidence during the cancellation as to each of Defendant's marks.

### C. Mr. Bajaj fails to show continuous and conspicuous use of registration 3611733.

21.     On September 8, 2008, Defendant filed U.S. Application Serial No. 77564775 for the mark FUNATIK, in standard characters, for "shirts, t-shirts" under Section 1(a) of the Trademark Act, 15 U.S.C. § 1052(a).[1] *See Exhibit A1.*

22.     As a material part of its application Defendant executed a sworn declaration stating as follows:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

*See Exhibit A1.*

23.     On April 28, 2009, the examiner in reliance on the veracity of the Statement of Use allowed the application to register as U.S. Registration No.

---

[1]     Defendant had two previous applications for similar marks, No. 2076487 and No. 76141268 which were abandoned for failure to renew.

3,611,733 for the mark FUNATIK for use in connection with "Shirts, T-Shirts". *See Exhibit A2.*

24.     On July 23, 2008, Defendant purchased 70 FUNATIK-branded t-shirts from a screen-printing shop at a per-unit cost of approximately $5.35 per t-shirt. While Defendant claimed to have purchased additional FUNATIK-branded shirts in the "earlier part of this decade or the very near part of the previous decade," he could not recall the year of any such purchase. No documentary evidence was produced in the Cancellation proceedings suggesting that Defendant purchased or manufactured any FUNATIK-branded shirts or t-shirts after July 23, 2008.

25.     Defendant failed to provide any evidence of use in commerce of the FUNATIK mark between April 28, 2009, and February 1, 2016.

26.     On April 21, 2015, Defendant filed a Section 8 Declaration claiming excusable nonuse of the mark in U.S. Registration No. 3,611,733, and stating that he had ceased using said mark in 2010. Defendant's basis for the excusable nonuse stated as follows in pertinent part:

> Registrant has no intention to abandon the use of the mark. Registrant was using the mark in connection with all goods in the registration, without interruption, until late in 2010, when Registrant became disabled with a musculoskeletal condition, impairing his mobility and ability to bend, lift, twist, walk, as well as his ability to breathe. Registrant is in business by himself, owns the mark individually and has no employees. Registrant handles and is responsible for all aspects of the business. When Registrant became disabled, he became unable to continue the day-to-day activities required to manufacture, market and distribute his FUNATIK products. Registrant hopes and expects to recover enough

from his disability (through ongoing rehabilitation) to resume use of the mark and sale of the products by 2019, when the next Declaration of Use must be filed. Registrant indicates that he continues to contact distributors that have expressed interest in his products to advise them that products will be available again in 2019. Registrant continues to develop usable artwork and tags and labels for future use, and has contacted the Small Business Administration to see if he can obtain assistance with his business to resume use even sooner. Registrant believes that this time frame for the resumption of use of the mark is accurate based upon the advice of the medical professionals involved in his rehabilitation. Again, Registrant reiterates that he has no intention to abandon use of his trademark and fully intends to resume use in the near future (2019). Registrant reiterates that he is taking the small steps that he can, i.e., keeping contact with interested distributors, as an indication of his inentions [sic].

*See Exhibit B1.*[2]

27.    In reliance on the truth of the allegations in Defendant's Section 8

Declaration claiming excusable nonuse the examiner allowed the renewal. *See*

*Exhibit B2.*

---

[2]    Five years earlier, on August 17, 2010, Defendant submitted a virtually identical Declaration of Use and/or Excusable Nonuse, with different dates, in connection with his maintenance of subsequently cancelled registration no. 2,882,085 for the mark FUNATIC in which he similarly claimed: that he "was using the mark in connection with the goods without interruption until late in 2007, when Registrant became disabled with a musculoskeletal condition"; "that he continues to contact distributors that have expressed interest in his products to advise them that products will be available again in 2012"; and "that he has no intention to abandon use of his trademark and fully intends to resume use in the near future (2012). Registrant reiterates that he is taking the small steps that he can, i.e., keeping contact with interested distributors, as an indication of his inentions [sic]."

28.     Despite the claims in his excusable non-use declaration, Defendant was unable to produce any evidence of contact with distributors in or around 2015 or of contact with the Small Business Administration in or around 2015.

29.     On April 30, 2018 Defendant filed a Section 8 and 9 Combined Declarations filed, claiming use in class 25. *See Exhibit C1.*  In submitting its section 8 and 9 Combined Declaration, the filer executed a declaration stating that::

> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of this submission and the registration, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

30.     The examiner in good faith reliance on the truth of this sworn statement allowed renewal.  *See Exhibit C2.*

31.     The Specimens submitted all showed the mark with the upper part, stylized SPORT and design which was made integral to the presentation of the word FUNATIK covered by a label:



*See Exhibit D.*

32.     The specimens also included a TM next to the mark suggesting that they were created before the mark was registered and legally able to use a registered trademark symbol (®).

33.     Defendant's non-bona fide, isolated claims of use related to the 2018 renewal are not credible.

34.     Defendant has claimed to have shipped FUNATIK-branded t-shirts to a sales agent in New York on February 2, 2016. However, the email correspondence that Defendant relied on as proof of this purported shipment makes no reference to receipt of or payment for any FUNATIK-branded t-shirts. The letter that Defendant provided as proof referred to the shipping of FUNATIC brand T-shirts to a sales agent at no cost.

35.     Similarly, Defendant claimed to have shipped FUNATIK-branded t-shirts to a company in Ohio, in March 2016.  Defendant claimed that he charged only "a small, nominal amount" for the t-shirts shipped to the company in Ohio – "Practically, it was free."  However, the only documentary evidence Defendant provided was a letter in reference to an alleged shipment of "Funatic T-Shirts."

36.     In 2018, Defendant claimed to have disposed of a limited quantity of FUNATIK-branded t-shirts for a price below his per-unit cost of producing the t-shirts. One such "sale" was allegedly made on April 5, 2018 to a neighbor. According to Defendant, he charged his neighbor "a nominal price" but could not

specifically recall whether the t-shirt he gave the neighbor was branded with the FUNATIK mark at all.

37.     Disregarding the two purported shipments in 2016 discussed above, Defendant failed to make any use of the FUNATIK mark at all between April 28, 2009 when the registration for the mark was granted, through April 4, 2018, when the renewal was filed.

**D. Mr. Bajaj fails to use registration 3611733 in the manner registered.**

38.     Defendant applied for and registered the mark FUNATIC by itself.

39.     Although the specimen originally provided included a separate, disconnected design the registration was for the word mark.



40.     The hangtags and t-shirt submitted in support of the 2018 renewal showed a unitary mark and design SPORTS FUNATIC with a star mirrored in the O of Sport and the A of Funatik:



41.    This was not a trivial or non-material change to the mark.

**E. Mr. Bajaj's application 86544672 results in registration 4969987.**

42.    On February 24, 2015, Defendant filed U.S. Application Serial No. 86544672 for the mark FUNATIC, in standard characters for "shirts; sweatshirts; t-shirts" under Section 1(b) of the Trademark Act.   *See Exhibit E.*

43.    The deadline for Defendant to file a Statement of Use expired on March 1, 2016.  Defendant did not file a request for an extension of time to file a Statement of Use.

44.    On February 22, 2016, Defendant filed a Statement of Use claiming use in commerce in Class 25 in collection with Shirts; Sweatshirts; T-shirts effective February 22, 2016. *See Exhibit F.*

45.    The Statement of Use included a declaration as follows:

STATEMENTS: The signatory believes that: if the applicant is filing the amendment to allege use under 15 U.S.C. §1051(c) or a statement of use under 15 U.S.C. §1051(d), the applicant is the owner of the mark sought to be registered; the mark is in use in commerce; **for a trademark or service mark application**, the applicant is using the mark in commerce on or in connection with all the goods/services in the application or notice of allowance, or as subsequently modified; **for a collective trademark, collective service mark, collective membership mark application**, the applicant is exercising legitimate control over the use of the mark in commerce by members on or in connection with all the goods/services/collective membership organization in the application or notice of allowance, or as subsequently modified; **for a certification mark application**, the applicant is exercising legitimate control over the use of the mark in commerce by authorized users on or in connection with the all goods/services in the application or notice of allowance, or as subsequently modified, and the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant; that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive; and the specimen(s) shows the mark as used on or in connection with the goods/services/collective membership organization in commerce.

DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

*See Exhibit F.*

46.     The examiner in reliance on the veracity of the Statement of Use allowed the application to register on May 31, 2016, as U.S. Registration No. 4969987.  *See Exhibit G.*

47.     Defendant claimed to have shipped FUNATIC-branded t-shirts to a sales agent in New York on February 2, 2016, at no charge. No evidence was ever provided that the sales agent distributed the FUNATIC-branded t-shirts to the public. The sales agent never purchased any FUNATIC-branded t-shirts from Defendant.

48.     Defendant also claimed to have shipped FUNATIC branded t-shirts to a company in Ohio.  He produced a photo of a letter which purported to acknowledged receipt and suggested payment.  Defendant could not recall when he made this purported shipment, and had no records reflecting the payment or when he purportedly shipped the t-shirts.

49.     Defendant's actions did not constitute bona fide use of the FUNATIC mark in the ordinary course of trade, and Defendant failed to make bona fide use of the FUNATIC mark prior to the expiration of time to file a Statement of Use in connection with Defendant's Second Registration.

50.     On May 11, 2022, Defendant filed a Declaration of Use under section 8 renewal asserting that the mark was in use in commerce in Class 25 in connection with all goods and services.  *See Exhibit H.*

51.    The Section 8 renewal contained a declaration as follows:

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of this submission and the registration, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

*See Exhibit H.*

52.    The renewal included the following specimen:



*53.*    In reliance on the truth of the representations made by Defendant the Examiner accepted Defendant's submission and the examiner accepted the renewal. *See Exhibit I.*

15

54.     With the exception of the two purported shipments described above, Defendant failed to identify any other purported or actual use in commerce of the FUNATIC mark between February 25, 2015 and April 4, 2018

55.     In 2018, Defendant claimed to have disposed of a limited quantity of FUNATIK-branded t-shirts for a price below his per-unit cost of producing the t-shirts. One such "sale" was allegedly made on April 5, 2018 to a neighbor. According to Defendant, he charged his neighbor "a nominal price" but could not specifically recall whether the t-shirt he gave the neighbor was branded with the FUNATIC mark at all.

### F. *Barrco challenges the improper refusal of cancellation.*

56.     On February 17, 2023, the Trademark Trial and Appeal Board refused cancellation in proceeding number 92071011 and proceeding number 92073513.

57.     The TTAB's decision was legally and factually erroneous in many material respects.  Amongst the glaring flaws in the decision, the TTAB:

- Overlooked the lack of bona fide use of the marks in the ordinary course of trade over the course of more than a decade in one case and for more than 7 years in the other.

- Discounted or ignored the lack of business records to support Defendant's claims, and instead relied on Defendant's self-serving, vague, and uncorroborated testimony.

- Discounted the material changes in the use of mark so that the mark and accompanying graphics became a unitary mark that was different and distinct from the registered mark.

- Discounted the inexplicable and obvious efforts by Defendant to conceal information about the changes in the mark by covering the graphics. The Board commented: "Oddly, Defendant covered the word "Sports" on the hang tags. Defendant was unable to explain why he did that in his deposition."

- Discounted Defendant's failure to substantiate representations made to the examiner at various stages of application or renewal, and held that blatant misrepresentations to the USPTO by Defendant were not material.

- Credited inadmissible conversations and communications and undocumented claims of shipments.

- Misapplied the legal standards for demonstrating bona fide use in the ordinary course of trade, supporting and rebutting claims of abandonment, and the presumption of abandonment through consecutive years of non-use.

- Made numerous other errors of law and fact.

58.    On March 16, 2023, Plaintiff filed a Request for Reconsideration.

59.    On April 12, 2023, the TTAB denied the Request for Reconsideration.

60.    Plaintiff believes that the TTAB wrongfully decided these cancellations.

61.    Plaintiff believes that Defendant has not made and does not intend to make bona fide use of either the FUNATIC or FUNATIK trademarks and that it is wrongfully harmed by these registrations.

62.    Plaintiff continues to be injured by the Accused Registrations since its applications have not registered.

63.    As a result, Plaintiff is forced to file this Action, retain counsel, and seek *de novo* relief from the Court, which has jurisdiction under 15 U.S.C. §1071 to review the determination of the TTAB and accept and consider new evidence in doing so.

64.    Plaintiff intends to: (a) seek and introduce evidence in this case, beyond that which was considered by the TTAB; (b) develop and pursue such new evidence to the full extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence; and (c) request that this Court undertake de novo review for any factual disputes in this case.

65.    All conditions precedent to bringing this action have been satisfied or otherwise waived.

## COUNT I

## REVIEW OF TRADEMARK TRIAL AND APPEAL BOARD FINAL DECISION

66.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

67.     15 U.S.C. §1701 authorizes a party dissatisfied with a final decision of the TTAB to seek judicial review by a civil action commenced in United States District Court.

68.     The February 17, 2023 and April 12, 2023 decision of the TTAB are final decisions subject to review under 15 U.S.C. §1701.

69.     The Board's conclusions of law and findings of fact are incorrect and not supported by the evidence.  The Board erred in refusing to grant cancellation of Defendant's Accused Registrations.

70.     Plaintiff is dissatisfied with the final decision of the TTAB, and seeks de novo review of the legal and factual errors made by the TTAB in rendering its final decision and consideration of such further and additional evidence and argument to be presented by Plaintiff to this Court.

71.     Plaintiff seeks an order reversing the decisions of the TTAB, dated February 17, 2023 and April 12, 2023, and directing the cancellation of Defendant's Accused Registrations.

## COUNT II

## CANCELLATION OF DEFENDANT'S

**FIRST REGISTRATIONS FOR ABANDONMENT**

72.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

73.     This Count arises under an action for the cancellation of a federal trademark registration under 15 U.S.C. § 1119.

74.     Plaintiff has filed a trademark registration application for the First Barrco Application.

75.     These applications have been refused registration as a result of Defendant's First Registration.

76.     Defendant's First Registration was abandoned for nonuse.

77.     Defendant's nonuse of Defendant's First Registration has continued for more than three years creating a presumption pursuant to 15 U.S.C. § 1119 that the mark was abandoned.

78.     This Court has the authority, pursuant to 15 U.S.C. § 1119, to order the cancellation of Defendant's First Registration.

79.     Plaintiff has been and is continuing to be damaged by the continued registration of Defendant's First Registration and said First Registration should be canceled.

**COUNT III**

**CANCELLATION OF DEFENDANT'S
FIRST REGISTRATION FOR FRAUD ON THE USPTO**

80.    Plaintiff repeats and reallege each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

81.    Based on Defendant's statements as alleged herein, Defendant was able to obtain registration and subsequent renewal for the mark that is the subject of Defendant's First Registration.

82.    Based on Defendant's statements as alleged herein, the USPTO registered the mark that is the subject of Defendant's First Registration.

83.    Defendant was not making use at the time of its application or renewal or at any time thereafter of the trademark registered in Plaintiff's First Registration.

84.    Defendant's sworn statements made in the application to register the FUNATIK mark (*See Exhibit A1*) that is the subject of Defendant's First Registration constitute fraud in the procurement of such trademark registration.

85.    Defendant committed fraud before the USPTO by knowingly and willfully or recklessly making false and/or fraudulent declarations or representations to the USPTO as to use of the mark. *See Exhibit A1.*

86.     Defendant made such false statement knowing that the Examining Attorney would be relying on such false statements in accepting Defendant's application for registration and renewal of the FUNATIK mark.

87.    Defendant procured Defendant's First Registration in bad faith with a fraudulent purpose and intent to secure federal registration by deception.

88.    Said false statements were made with the intent to induce authorized agents of the USPTO to grant registration and renewal of Defendant's First Registration and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, rely on the statements and grant Defendant's First Registration.

89.    Upon information and belief, Defendant knew that the statements he made to the USPTO as alleged herein were false at the time they were made and as submitted to the USPTO in the prosecution and procurement of Defendant's First Registration. In the alternative, upon information and belief, Defendant made the statements to the USPTO in reckless disregard of whether the statements were true or false.

90.    Defendant's misrepresentation was material and made with intent to induce authorized agents of the USPTO to grant Defendant's First Registration.

91.    The USPTO reasonably relied on the misrepresentation, and reasonably relying upon the truth of said false statement, the USPTO did, in fact, grant the First Registration to Defendant and this resulted in the aforementioned Registration.

92.    Plaintiff was denied registration as a result.

93.     In view of the foregoing, Defendant is not entitled to continue registration of Defendant's First Registration, as Defendant committed fraud in the procurement of said registration and such registration is void *ab initio*.

94.     This Court has the authority, pursuant to 15 U.S.C. § 1119, to order the cancellation of Defendant's First Registration.

95.     Plaintiff has been and is continuing to be damaged by the continued registration of Defendant's First Registration and said registration should be canceled.

## COUNT IV

### CANCELLATION OF DEFENDANT'S
### SECOND REGISTRATIONS FOR ABANDONMENT

96.     Plaintiff repeats and reallege each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

97.     This Count arises under arises under an action for the cancellation of a federal trademark registration under 15 U.S.C. § 1119.

98.     Plaintiff has filed a trademark registration application for the First Barrco Application and the Second Barrco Application.

99.     These applications have been refused registration because of Defendant's Second Registration.

100.    Defendant's Second Registration was abandoned for nonuse.

101.    Defendant's nonuse of Defendant's Second Registration has continued for more than three years creating a presumption pursuant to 15 U.S.C. § 1119 that the mark was abandoned.

102.    This Court has the authority, pursuant to 15 U.S.C. § 1119, to order the cancellation of Defendant's Second Registration.

103.    Plaintiff have been and are continuing to be damaged by the continued registration of Defendant's Second Registration and said registration should be canceled.

## COUNT V

## CANCELLATION OF DEFENDANT'S
## SECOND REGISTRATION FOR FRAUD ON THE USPTO

104.    Plaintiff repeats and reallege each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

105.    Based on Defendant's statements as alleged herein, Defendant was able to obtain registration and subsequent renewal for the mark that is the subject of Defendant's Second Registration.

106.    Based on Defendant's statements as alleged herein, the USPTO registered the mark that is the subject of Defendant's Second Registration.

107.    Defendant was not making use at the time of its application or renewal or at any time thereafter of the trademark registered in Plaintiff's Second Registration.

108.    Defendant's sworn statements made in the application to register the FUNATIC mark (*See Exhibit E*) that is the subject of Defendant's Second Registration constitute fraud in the procurement of such trademark registration.

109.    Defendant committed fraud before the USPTO by knowingly and willfully or recklessly making false and/or fraudulent declarations or representations to the USPTO and knowing that the Examining Attorney would be relying on such false statements in accepting Defendant's application for registration and/or renewal of the FUNATIC mark.

110.    Defendant procured Defendant's Second Registration in bad faith with a fraudulent purpose and intent to secure federal registration by deception.

111.    Said false statements were made with the intent to induce authorized agents of the USPTO to grant registration and renewal of Defendant's Second Registration and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, rely on the statements and grant Defendant's Second Registration.

112.    Upon information and belief, Defendant knew that the statements he made to the USPTO as alleged herein were false at the time they were made and as submitted to the USPTO in the prosecution and procurement of Defendant's Second Registration.  In the alternative, upon information and belief, Defendant

made the statements to the USPTO in reckless disregard of whether the statements were true or false.

113.    Defendant's misrepresentation was material and made with intent to induce authorized agents of the USPTO to grant Defendant's Second Registration.

114.    The USPTO reasonably relied on the misrepresentation, and reasonably relying upon the truth of said false statement, the USPTO did, in fact, grant the Second Registration to Defendant and this resulted in the aforementioned Registration.

115.    Plaintiff was denied registration as a result.

116.    In view of the foregoing, Defendant is not entitled to continue registration of Defendant's Second Registration, as Defendant committed fraud in the procurement of said registration and such registration is void *ab initio*.

117.    This Court has the authority, pursuant to 15 U.S.C. § 1119, to order the cancellation of Defendant's Second Registration.

118.    Plaintiff has been and is continuing to be damaged by the continued registration of Defendant's Second Registration and said registration should be canceled.

## COUNT VI

## CANCELLATION OF DEFENDANT'S  SECOND REGISTRATION ON GROUND OF NO BONA FIDE USE

119.    Plaintiff repeats and reallege each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

120.    Defendant did not make bona fide use in the ordinary course of trade of the mark in Defendant's Second Registration prior to the expiration of time to have filed a Statement of Use in support of Defendant's Second Registration.

121.    Defendant's Second Registration is void *ab initio* under 15 U.S.C. § 1051 due to Defendant's failure to make bona fide use of the mark prior to the expiration of time to file a Statement of Use.

122.    Plaintiff has been and is continuing to be damaged by the continued registration of Defendant's Second Registration and said registration should be canceled.

## COUNT VII

## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION OF FUNATIK PURSUANT TO 15 U.S.C. § 1120

123.    Plaintiff repeats and reallege each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

124.    Based on Defendant's false/fraudulent statements as alleged herein, Defendant was able to obtain registration and subsequent renewal for the mark that is the subject of Defendant's First Registration.

125.    Defendant was not making use at the time of its application or renewal or at any time thereafter of the trademark registered in Plaintiff's First Registration.

126.    Defendant's sworn statements made in the application to register the FUNATIK (*See Exhibit A1*) mark that is the subject of Defendant's First Registration constitute fraud in the procurement of such trademark registration.

127.    Defendant committed fraud before the USPTO by knowingly and willfully or recklessly making false and/or fraudulent declarations or representations to the USPTO and knowing that the Examining Attorney would be relying on such false statements in accepting Defendant's application for registration and renewal of the FUNATIK mark.

128.    Defendant procured Defendant's First Registration in bad faith with a fraudulent purpose and intent to secure federal registration by deception.

129.    Said false statements were made with the intent to induce authorized agents of the USPTO to grant registration and renewal of Defendant's First Registration and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, rely on the statements and grant Defendant's First Registration.

130.    Upon information and belief, Defendant knew that the statements he made to the USPTO as alleged herein were false at the time they were made and

as submitted to the USPTO in the prosecution and procurement of Defendant's First Registration.  In the alternative, upon information and belief, Defendant made the statements to the USPTO in reckless disregard of whether the statements were true or false.

131.    Defendant's misrepresentation was material and made with intent to induce authorized agents of the USPTO to grant Defendant's First Registration.

132. The USPTO reasonably relied on the misrepresentation, and reasonably relying upon the truth of said false statement, the USPTO did, in fact, grant the First Registration to Defendant and this resulted in the aforementioned Registration.

133.    Plaintiff was denied registration as a result.

134.    Plaintiff has suffered damages as a result of the false or fraudulent registration and is entitled to recover damages.

135.    This Court has the authority, pursuant to 15 U.S.C. § 1120, to award damages.

136.    This case to be exceptional pursuant to 15 U.S.C. § 1117(a) and Plaintiff is entitled to an award of attorney's fees and costs.

## COUNT VIII

## DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION OF FUNATIC PURSUANT TO 15 U.S.C. § 1120

137.   Plaintiff repeats and reallege each and every allegation contained in paragraphs 1 through 65, as if fully set forth herein.

138.   Based on Defendant's statements as alleged herein, Defendant was able to obtain registration and subsequent renewal for the mark that is the subject of Defendant's Second Registration.

139.   Defendant was not making use at the time of its application or renewal or at any time thereafter of the trademark registered in Plaintiff's Second Registration.

140.   Defendant's sworn statements made in the application to register the FUNATIC (*See Exhibit F*) mark that is the subject of Defendant's Second Registration constitute fraud in the procurement of such trademark registration.

141.   Defendant committed fraud before the USPTO by knowingly and willfully or recklessly making false and/or fraudulent declarations or representations to the USPTO and knowing that the Examining Attorney would be relying on such false statements in accepting Defendant's application for registration and renewal of the FUNATIC mark.

142.   Defendant procured Defendant's Second Registration in bad faith with a fraudulent purpose and intent to secure federal registration by deception.

143.    Said false statements were made with the intent to induce authorized agents of the USPTO to grant registration and renewal of Defendant's Second Registration and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, rely on the statements and grant Defendant's Second Registration.

144.    Upon information and belief, Defendant knew that the statements he made to the USPTO as alleged herein were false at the time they were made and as submitted to the USPTO in the prosecution and procurement of Defendant's Second Registration.  In the alternative, upon information and belief, Defendant made the statements to the USPTO in reckless disregard of whether the statements were true or false.

145.    Defendant's misrepresentation was material and made with intent to induce authorized agents of the USPTO to grant Defendant's First Registration.

146.    The USPTO reasonably relied on the misrepresentation, and reasonably relying upon the truth of said false statement, the USPTO did, in fact, grant the First Registration to Defendant and this resulted in the aforementioned Registration.

147.    Plaintiff was denied registration as a result.

148.    Plaintiff has suffered damages as a result of the false or fraudulent registration and is entitled to recover damages.

149.    This Court has the authority, pursuant to 15 U.S.C. § 1120, to award damages.

150.    This case is exceptional pursuant to 15 U.S.C. § 1117(a) and Plaintiff is entitled to an award of attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, as follows:

a.  Reversing the decisions of the TTAB, dated February 17, 2023 and April 12, 2023;

b.  Ordering the United States Patent and Trademark Office to cancel Defendant's First Registration on the grounds of Abandonment of the FUNATIK mark;

c.  Ordering the United States Patent and Trademark Office to cancel Defendant's First Registration on the grounds of fraud on the USPTO of the FUNATIK mark;

d.  Ordering the United States Patent and Trademark Office to cancel Defendant's Second Registration on the grounds of Abandonment of the FUNATIC mark;

e.  Ordering the United States Patent and Trademark Office to cancel Defendant's Second Registration on the grounds of Fraud on the USPTO of the FUNATIC mark;

f.  Ordering the United States Patent and Trademark Office to cancel Defendant's Second Registration on the grounds of it is void ab initio for failure to make bona fide use of the FUNATIC mark prior to the expiration of time to file a Statement of Use;

g.  Ordering Defendant to pay actual damages caused through its fraudulent registration of Defendant's First Registration;

h.  Ordering Defendant to pay actual damages caused through its fraudulent registration of Defendant's Second Registration;

i.  Finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

j.  Awarding Plaintiff its attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

k.  Awarding Plaintiff such further relief as this Court deems just, proper, and equitable.

Dated this 26th day of May 2023.

                        Respectfully submitted,

                        /s/Jorge Espinosa
                        Jorge Espinosa
                        Florida Bar No.: 779032
                        Jorge.espinosa@gray-robinson.com
                        Francesca Russo
                        Florida Bar No. 174912
                        Francesca.russo@gray-robinson.com
                        **GRAYROBINSON, P.A.**
                        333 S.E. 2nd **Ave**., Suite 3200
                        Miami, FL 33131
                        Tel:  305-416-6880
                        Fax:  305-416-6887

                        Michael J. Colitz III
                        Florida Bar No.: 164348
                        michael.colitz@gray-robinson.com
                        **GRAYROBINSON, P.A.**
                        401 East Jackson Street
                        Suite 2700
                        Post Office Box 3324 (33601-3324)
                        Tampa, Florida 33602
                        Phone: 813.273.5000

                        *Attorneys for Plaintiff*