UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRCO CONSUMER PRODUCTS INC.,

    Plaintiff,

v.                                                     Case No. 8:23-cv-1180-TPB-TGW

RAMAN BAJAJ,

    Defendant.
_____/

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on cross-motions for partial summary judgment. On September 8, 2024, Plaintiff Barrco Consumer Products Inc. filed a motion for partial summary judgment as to Counts I through VI of the complaint.[1] (Doc. 96). On September 9, 2024, Defendant Raman Bajaj filed his own motion for summary judgment as to Counts I through VIII of the complaint, and on the issues of priority and likelihood of confusion. (Doc. 99). The parties filed responses in opposition (Docs. 105; 106) and replies (Docs. 107; 109). Upon review of the motions, responses, replies, record, and court file, the Court finds as follows:

**Background**

This case arises from a trademark dispute involving the marks FUNATIK and FUNATIC. Defendant Raman Bajaj started selling t-shirts at flea markets in New York in the late 1980's or early 1990's for which he registered a series of trademarks,

---

[1] In the event the Court grants Plaintiff's motion and invalidate the trademarks, the motion also seeks summary judgment on Defendant's counterclaims.

including Funatik, Sports Funatik, Fitness Funatik, GoldFunatik, Football Funatik, and Baseball Funatik. These registrations lapsed, but some were subsequently refiled. Relevant here, Defendant is the owner of U.S. Registration No. 3,611,733 for the standard character mark FUNATIK in connection with shirts and t-shirts, and U.S. Registration No. 4,969,987 for the standard character mark FUNATIC in connection with shirts, sweatshirt, and t-shirts.[2]

On June 20, 2016, Plaintiff Barrco Consumer Products began using the mark FUNATIC to market socks, and it filed an application for federal registration of the mark on June 28, 2016. The application was allowed to lapse. On March 1, 2018, Plaintiff filed another application for registration of the mark FUNATIC for socks. This application was granted on October 1, 2018. On November 29, 2018, Plaintiff filed an application to register the mark FUNATIC for use in connection with shirts, t-shirts, sweatshirts, and other apparel. On March 7, 2019, the United States Patent and Trademark Office ("USPTO") refused the application based on a likelihood of confusion with Defendant's marks.

Subsequently, on April 9, 2019, Plaintiff filed petitions to cancel the first registration based on fraud, the second registration on the ground that Defendant failed to make bona fide use of FUNATIC prior to the expiration of the time to file a statement of use, and both of the registrations on the ground of abandonment,. The Trademark Trial and Appeal Board "("TTAB" or "Board") consolidated the two

---

[2] FUNATIK was registered on April 28, 2009, based on a claim of use in commerce. FUNATIC was registered on May 31, 2016, based on a claim of use in commerce.

cancellation proceedings and ultimately denied both petitions to cancel. Plaintiff filed a motion for reconsideration, which was likewise denied.

This appeal followed, and Plaintiff seeks *de novo* review of the Board's decisions. Plaintiff asserts the following causes of action: review of TTAB final decision (Count I), cancellation of Defendant's first registration for abandonment (Count II), cancellation of Defendant's first registration for fraud on the USPTO (Count III), cancellation of Defendant's second registration for abandonment (Count IV), cancellation of Defendant's second registration for fraud on the USPTO (Count V), cancellation of Defendant's second registration on ground of no bona fide use (Count VI), damages for fraudulent registration of Funatik pursuant to 15 U.S.C. § 1120 (Count VII), and damages for false or fraudulent registration of Funatic pursuant to 15 U.S.C. § 1120 (Count VIII). Defendant has filed counterclaims for federal trademark infringement (Count I), federal unfair competition (Count II), false designation of origin (Count III), Florida trademark infringement (Count IV), and cancellation of U.S. registration No. 5,579,859 (Count V).

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th

Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id*. "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

## Analysis

Plaintiff argues that it is entitled to summary judgment on Counts I, III, V, and VI in their entirety because Defendant perpetrated fraud on the USPTO, thereby invalidating the registrations. Specifically, Plaintiff claims that Defendant perpetrated fraud on the USPTO by lying about whether and when he became

incapacitated by a musculoskeletal condition that prevented him from working, which the USPTO relied upon when granting the renewal of his two registrations. Plaintiff additionally argues that it is entitled to summary judgment as to Counts I, II, and VI because Defendant has failed to use or has at best made *de minimis* use of the trademarks over the last two decades. Plaintiff points to several perceived oversights and errors made by the TTAB when urging the Court to reverse the TTAB's decisions and invalidate Defendant's trademarks.

Defendant argues that he is entitled to summary judgment on Counts I through VIII of the complaint because the facts and evidence support the original findings of the TTAB and demonstrate that Defendant has always made bona fide use of the marks and did not commit fraud upon the USPTO. He also argues that he is entitled to summary judgment on the issues of priority and likelihood of confusion.

It appears that the primary issue for the Court to resolve, which the parties discuss at length in their respective motions and responses, is whether Defendant committed fraud on the USPTO. "Fraud occurs when an applicant knowingly makes false, material misrepresentations of fact in connection with an application for a registered mark." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008). As the party seeking to cancel the mark, Plaintiff bears the burden of proving the alleged fraud by clear and convincing evidence. *Id*. Plaintiff attempts to do so by pointing to inconsistencies in Defendant's record statements concerning his medical condition. However, Defendant vigorously disputes the facts underlying Plaintiff's fraud allegations and has addressed Plaintiff's arguments in his response. These types of disputes about fraud, which requires clear and convincing

evidence, raise genuine issues of material fact and preclude summary judgment. *See Shenzhen Kinwong Electronic Co., Ltd. v. Kukreja*, 574 F. Supp. 3d 1191, 1244 (S.D. Fla. Dec. 9, 2021). To be clear, whether Defendant actually made any false representations, whether he *knowingly* made any false representations, and whether he had the intent to deceive the USPTO are key matters that cannot be resolved at summary judgment. The best course is to reserve these and other issues for the fact-finder, who will be able to make credibility determinations at trial.[3]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Plaintiff's Motion and Memorandum of Law in Support of Partial Summary Judgment as to Counts I Through VI of the Complaint" (Doc. 96) is hereby **DENIED**.

2. "Defendant's Motion for Partial Summary Judgment" (Doc. 99) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that this case has been set for a bench trial in December 2024. *See* (Docs. 31; 110). As with the fraud allegations, it appears best to address Defendant's bona fide or *de minimis* usage of the marks at the bench trial.